IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLEN POLK**  **PLAINTIFF**
**ADC # 096606**

v.                    Case No. 4:23-cv-943-JM

**LISA NEALE, Driver Control Hearing**
**Officer, DFA**  **DEFENDANT**

## ORDER

On January 24, 2024, the Court granted Plaintiff Allen Polk's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 4). The Court noted that it appeared from his pleadings that Polk had failed to exhaust his administrative remedies in state court. (*Id*). The Court gave Polk an opportunity to amend his complaint to establish exhaustion. (*Id*.). Polk timely filed an amended complaint, which the Court must now screen. 28 U.S.C. § 1915A.

Polk sues Defendant Lisa Neale, a hearing officer for the Arkansas Department of Finance and Administrations, Office of Driver's Services Division, challenging her assessment that his driver's license cannot yet be reinstated. (Doc. 5). He asks for damages and an order reinstating his license. (*Id*.).

His complaint fails for two reasons. First, Polk's official-capacity claims for damages against Neal fail on immunity grounds. A suit against Neale is really a suit against her employer, the DFA, which is a state agency. Damages claims against the State of Arkansas, and its agencies, are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Second, Polk asserts a federal procedural due process claim, but he has not shown that he has exhausted his state law remedy. As previously noted, Arkansas law provides the following:

A person denied a license or whose license has been suspended, disqualified, or revoked by the Office of Driver Services, within thirty (30) days of receipt of the decision by the Office of Driver Services to deny, suspend, disqualify, or revoke the license, may file a de novo petition of review in the Pulaski County Circuit Court or the circuit court in the county where the licensee or interested person resides.

Ark. Code Ann. § 27-16-913. In his amended complaint, Polk provides a June 20, 2023, letter from Neale wherein she instructs that any appeal of her decision must be made in circuit court. (Doc. 5 at 52). Polk has not alleged that he sought relief in state circuit court nor does the record support such a finding. His failure to pursue that remedy in state court does not create grounds for a constitutional violation here. *See Wax 'n Works v. St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000) (holding that exhaustion of available state remedies is required "before any federal procedural due process allegations state a claim under § 1983").

For these reasons, Polk's complaint and amended complaint are dismissed without prejudice. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 2nd day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE